UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Dalton, | Case No. 19-cv-2209 (NEB/LIB) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Warden Fikes, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff's Applications to Proceeds in forma pauperis (hereinafter "IFP"). [Docket Nos. 2, 3, 8].

Plaintiff's IFP Applications, [Docket Nos. 2, 3, 8], are **GRANTED**. For the reasons further contained herein, the Court recommends that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

## I. Background

Plaintiff, Brandon Dalton, initiated this case on August 12, 2019, by filing a Complaint and seeking to proceed in forma pauperis. Plaintiff alleges that his personal property was stolen or destroyed when he was moved from the Federal Correctional Institute (hereinafter "FCI") at Florence, Colorado, to the FCI at Sandstone, Minnesota. (Complaint [Doc. No. 1 at 1]). Plaintiff further alleges that the Federal Bureau of Prisons admitted wrongdoing with the handling of his property by offering him a monetary settlement during internal administrative proceedings, but he believes the amount offered is too low. Id. at 3 ("The reason for this pro se § 1983 motion and

Bivens[1] claim is because I exhausted the BOP's administrative remedy process without receiving a fair settlement.").

Plaintiff included with his Complaint a letter from an inmate worker at FCI Florence who allegedly encountered some of his property being discarded; according to Dalton, this letter helps establish violations of his Fifth and Fourteenth Amendment due process rights by prison officials. Id. at 4. He asks this Court to interpret his Complaint as presenting claims for his Fourth, Fifth, Eighth and Fourteenth Amendment rights in a manner consistent with the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 2671 et seq.; and under Bivens. Id. at 5.

After Plaintiff initiated the present action, the Court informed Plaintiff of the partial, initial filing fee he was required to pay before his action would be permitted to proceed, and this Court also forewarned Plaintiff of potential deficiencies with the content of his Complaint. (Order [Docket No. 5]).

In response, Plaintiff filed a document wherein he asked to add as defendants the "first and third shift R&D employees and their immediate supervisors plus also add the North Central Region Tort Claim Office," and to remove "Warden Fikes and FCI-Sandstone." The document Plaintiff filed also framed all of his claims (under the Fourth, Fifth, Eighth, and Fourteenth Amendments) as issues that trigged a violation of 31 U.S.C. § 3723. Plaintiff filed an additional document that appears identical to his Complaint [Docket No. 11]; a letter affirming his belief that his Complaint is meritorious [Docket No. 12]l; a 1-paragraph excerpt about Equal Protection, [Docket No. 13]; a copy of the exhibits to his original Complaint [Docket No. 15]; and another document discussing the substitution of parties, similar to Docket No. 6.

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (hereinafter "Bivens").

2

**II.     Analysis**

Under 28 U.S.C. § 1915A(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) provides that as part of this review, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." Plaintiff's Complaint now before this Court qualifies for such review.

In reviewing whether a complaint states a claim for which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Varga v. U.S. Nat'l Bank Ass'n, 764 F.3d 833, 838 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

While the Court is required to construe the content within Plaintiff's pleadings liberally as he is proceeding pro se, plaintiff is nevertheless bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted) see, e.g., Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct

3

a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

### A. Bivens

The United States Supreme Court's decision in Bivens "established that the victims of a constitutional violation by a federal agent have a right to recover damages against [that] official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980). In recent years, however, the Supreme Court has made clear that the cause of action established by Bivens does not extend to all claims of constitutional violation. See, e.g., Hernandez v. Mesa, 140 S. Ct. 735 (2020) (discussing the very narrow acceptance of newly recognized categories of Bivens claims); Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) (same). The Supreme Court has previously recognized under Bivens claims brought for excessive force in violation of the Fourth Amendment, see, Bivens, 403 U.S. at 388; workplace discrimination in violation of the Fifth Amendment, see, Davis v. Passman, 442 U.S. 228 (1979); and deliberate indifference to a serious medical need in violation of the Eighth Amendment. See, Carlson, 446 U.S. at 14 (1980). Recently, in Ziglar, the Supreme Court went to great lengths to emphasize that it had not expanded this limited scope of claims available under Bivens in 30 years, and that a circumstance that warranted further expansion at this juncture would be rare. Ziglar, 137 S. Ct. at 1857.

Plaintiff casts the loss or destruction of his personal property as a violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. See, Compl. at 5. In light of Ziglar and its progeny, it is doubtful that a federal prisoner may seek relief under Bivens sufficient to proceed beyond § 1915A review on the property damage theories presented here by Plaintiff. None of the

claims put forward by Plaintiff regarding the alleged loss of his personal property is an unlawful seizure under the Fourth Amendment, a violation of his due-process rights under the Fifth and Fourteenth Amendments, or unwarranted punishment under the Eighth Amendment is a claim which would fit within the limited previously approved scope of Bivens, Davis, or Passman. This represents a sufficient basis to recommend denial of all of Plaintiff's purported Bivens claims alleging violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights related to the loss of his personal property. In an abundance of caution, however, the Court will discuss alternate reasons which support the dismissal of Plaintiff's Complaint.

Even leaving aside the likely unavailability of Bivens to Plaintiff as a source of remedy here, the Complaint is largely underpleaded. Twombly, 550 U.S. at 570. None of the claims brought under the Fourth, Eighth, or Fourteenth Amendments are justified by sufficient factual allegations. Twombly, 550 U.S. at 570. For example, Plaintiff does not adequately allege how the actions of any specific prison official, even if true, amounted to an unlawful seizure under the Fourth Amendment (by all indications, the prison officials were entrusted by Plaintiff with his personal property in order to effect its transfer between facilities). Nor does Plaintiff adequately allege how the loss or destruction of personal property amounts to unwarranted "punishment" within the meaning of the Eighth Amendment. Plaintiff's Fourteenth Amendment due process claim is likewise underpleaded because he fails to allege that any named Defendant is a state actor. Instead, Plaintiff names as Defendants only the Federal Bureau of Prisons, and one of its employees, Warden Fikes; however, the due process protection of the Fourteenth Amendment apply only to actions of a state. See, District of Columbia v. Carter, 409 U.S. 418, 424 (1973) (providing that the "Fourteenth Amendment applies to the states, and actions of the Federal Government and its officers are beyond the purview of the [Fourteenth] Amendment").

Only the Fifth Amendment claim—that Plaintiff was deprived of property without adequate procedural protection—is fleshed out in any detail; however, Plaintiff's Fifth Amendment claim still fails. Plaintiff's Complaint describes the internal, administrative procedural process through which he pursued, pursuant to 31 U.S.C. § 3723,[2] a monetary settlement for the loss of his personal property, and he repeatedly asserts that the monetary settlement offer to him from the Federal Bureau of Prisons was too low of an amount.[3] Broadly and liberally construing his Complaint in his favor, Plaintiff asserts that the process presented inadequate procedural due process under the law because he was required to wait over eleven months to receive a response to his administrative claim for monetary compensation under 31 U.S.C. § 3723.

This Court, however, previously warned Plaintiff that a litigant cannot bring a constitutional procedural due process claim for loss of property where an adequate alternative process exists and that 31 U.S.C. § 3723 provided just such a process by which to pursue his personal property loss claim. (See, Order [Docket No. 5]; Hudson v. Palmer, 468 U.S. 517, 533 (1984); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993); Mendez v. Peterson, No. 16-cv-2644 (ADM/BRT), 2018 WL 3104242, at *4 (D. Minn. Jan. 23, 2018), report and recommendation adopted, 2018 WL 2193108 (D. Minn. May 14, 2018), aff'd sub nom. Mendez v. Dole, 751 F. App'x 962 (8th Cir. 2019); Spencer v. Fed. Prison Camp Duluth, No. 13-cv-177 (JNE/JSM), 2016 WL 4942037, at *12 (D. Minn. Aug. 1, 2016) (citing Plummer v. Debbo, No. 6:10-cv-1224, 2011 WL 2036349, at *1 (D.S.C. May 24, 2011)), report and recommendation adopted, 2016 WL

---

[2] Title 31 U.S.C. § 3723 provides an individual with the ability to bring small claims for privately owned property damage or loss against the United States Government. A claim may be settled for not more than $1,000 for "damage to, or loss, of privately owned property that—is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment[.]"

[3] According to his Complaint and the exhibits he attached thereto, Dalton now alleges that he brought a claim for $633.32, and he received an offer for $182.74. (Compl., [Docket No. 1], at 2–3).

4926421 (D. Minn. Sept. 15, 2016), aff'd sub nom. Spencer v. Warden FPC Duluth, 697 F. App'x 486 (8th Cir. 2017)).

The presence of an adequate alternative remedy to the Fifth Amendment constitutional claim sought to be asserted under Bivens, here 31 U.S.C. § 3723, therefore defeats Plaintiff's attempt to proceed under Bivens. "Furthermore, to the extent that Plaintiff seeks review of the denial of his claim, 'an agency's decision with respect to a claim under [31 U.S.C.] § 3723 is not subject to judicial review.'" Mendez, 2018 WL 3104242, at *4 (citing Edkins v. United States, No. 13-cv-14421, 2015 WL 871587, at *14 n.4 (E.D. Mich. Feb. 27, 2015)). These represent separate sufficient foundations to recommend dismissal of Plaintiff's Fifth Amendment claim.

### B. FTCA

Although it is unclear from Plaintiff's present filings whether he is actually also seeking relief under the Federal Torts Claims Act, Plaintiff does mention the FTCA in passing in his Complaint. However, even assuming an FTCA claim is set forth in the Complaint, the Supreme Court held in Ali v. Federal Bureau of Prisons, 552 U.S. 214, 216–17 (2008), that 28 U.S.C. § 2680(c) exempts suits for lost property from the FTCA waiver of sovereign immunity, and thus, a prisoner whose personal property was lost in transit from one institution to another lacked subject matter jurisdiction to bring an FTCA claim. Ali, 552 U.S. 214, 216–17, 228 (2008); 28 U.S.C. § 2680(c). Because an FTCA claim for lost personal property is precluded by 28 U.S.C. § 2680(c), this Court recommends dismissal of this potential claim as well.[4]

---

[4] Additionally, the United States itself was not named as a proper party in the Complaint, and the United States, not any individual Federal employee, would be the correct party for an FTCA claim were it even viable, so dismissal would be appropriate on that basis as well. See, e.g., FDIC v. Meyer, 510 U.S. 471 (1978).

7

### III. Conclusion

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff, Brandon Dalton's, IFP Applications, [Docket Nos. 2, 3, 8], are **GRANTED**; and

2. Plaintiff Dalton must pay the unpaid balance $145.00 of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the FCI institution where Dalton is confined.

Furthermore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Motion, [Docket No. 11], be **DENIED as moot** because it is a duplicate of the original Complaint; and

2. Plaintiff Dalton's Complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b).

Dated: June 30, 2020						s/Leo I. Brisbois
								Hon. Leo I. Brisbois
								United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).