**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| BRANDON DALTON,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN FIKES, *FCI-SANDSTONE*, and THE BUREAU OF PRISONS,<br><br>Defendants. | Case No. 19-CV-2209 (NEB/LIB)<br><br>ORDER ON REPORT & RECOMMENDATION |

---

Pro se plaintiff Brandon Dalton brought this action against the defendants alleging constitutional violations based on the loss of his personal property when he was moved from the Federal Corrections Institute ("FCI") in Florence, Colorado, to the FCI in Sandstone, Minnesota.[1] (ECF No. 1.) Dalton also filed a "Pro Se Motion, 42 U.S.C. § 1983 Tort Claim + Pro Se *Bivens* Complaint." (ECF No. 11.) In a June 30, 2020 Report and Recommendation, United States Magistrate Judge Leo I. Brisbois recommends dismissing the complaint under 28 U.S.C. § 1915A(b) for failure to state a claim, and denying as moot Dalton's motion because it is duplicative of the complaint. (ECF No. 26 ("R&R").) Dalton filed a "response" to the R&R as well as a "supplement" to his complaint and an objection to the R&R with exhibits. (ECF Nos. 28–31.)

---

[1] Dalton pursued administrative remedies for this claim and was offered a settlement that he believes is too low. (*See* Compl. at 2–3.)

After reviewing Dalton's response and supplement, the Court concludes that they neither state any specific objections to the R&R nor cite to any errors in the R&R's reasoning. Rather, Dalton attempts to amend his complaint to add new causes of action and conspirators to his claims. (*See generally*, ECF No. 28.) He also seeks to add employees, supervisors, and the warden at FCI-Florence as defendants. (ECF No. 29.)

The Court is mindful that it should treat a pro se litigant's attempts to eliminate pleading deficiencies as a motion for leave to amend a complaint. *See generally Iheme v. Smith*, 529 F. App'x 808, 810 (8th Cir. 2013) (per curiam) (on review of § 1915A dismissal, concluding that the district court should have treated a pro se litigant's objections to the magistrate judge's report and recommendation as a motion for leave to amend the complaint); *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (per curiam) (on review of § 1915A dismissal, construing prisoner plaintiff's objections to magistrate judge's report as motion for leave to amend complaint). A party may amend its pleading with the court's leave, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). Denying a motion for leave to amend based on futility means the court has concluded that the proposed amendment

could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

The R&R provides several bases for dismissal, which the Court reviews *de novo*. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). The R&R found that Dalton failed to state a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The R&R correctly found that "*Bivens* does not extend to all claims of constitutional violations" (R&R at 4 (citing *Hernandez v. Mesa*, 140 S. Ct. 735 (2020), *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017)).) Instead, *Bivens* only recognizes claims for specific constitutional violations. *E.g.*, *Bivens*, 403 U.S. at 388 (excessive force under the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228, 249 (1979) (workplace discrimination under the Fifth Amendment); *Carlson v. Green*, 446 U.S. 14, 17 (1980) (deliberate indifference to a serious medical need under the Eighth Amendment). Rather than object to this finding, Dalton seeks to assert several new causes of action, including larceny, vandalism, and extortion. (ECF No. 28 at 1–2.) These causes of action are based on common law; they are not constitutional claims on which a *Bivens* claim may be brought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675, (2009) (Bivens is "an implied private right of action for damages against federal officers alleged to have violated a citizen's *constitutional* rights.). Because these causes of action do not support a *Bivens* claim, allowing Dalton the opportunity to file an amended complaint including them would be futile. Dalton's response does provide any basis for the Court to overrule the conclusion that his *Bivens* claims should be dismissed for failure to state a claim.

The R&R also found that the complaint failed to allege sufficient factual support for the Fourth, Eighth, and Fourteenth Amendment violations, and thus failed to state a claim for which relief may be granted. (R&R at 5.) The Court has reviewed the complaint and agrees that these claims are not sufficiently supported by factual allegations. Dalton's response does not object to this finding, and does not provide any additional factual allegations to support these claims. Instead, Dalton alleges new legal theories and attaches exhibits explaining property crime law. (ECF Nos. 28, 28-1.) The supplement to his complaint, which seeks to add more defendants, does no better, as it adds no additional facts from which the Court could conclude that Dalton has stated a claim. (*See* ECF No. 29.)

Dalton's objection argues that he has sufficiently alleged a claim under FTCA, 28 U.S.C. § 2680(c). (ECF No. 30.) The R&R found that the complaint failed to state a claim under FTCA. (R&R at 7.) Under the *de novo* standard of review, the Court finds there is no waiver of sovereign immunity for lost property in the Custody of the Bureau of Prisons, and the Court thus lacks subject-matter jurisdiction to hear the claim. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 227–28 (2008).

The Court finds Judge Brisbois's reasoning to be sound and finds no legal basis to depart from his recommendations. Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 26) is ACCEPTED;

4

2. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim; and

3. Plaintiff's motion (ECF No. 11) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 31, 2020                         BY THE COURT:

                                               s/Nancy E. Brasel
                                               Nancy E. Brasel
                                               United States District Judge